IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANA MILENA SITU, et al.,

    Plaintiffs,

        v.                             CIVIL NO.: 11-1225 (GAG/MEL)

JEROME O'NEILL, et al.,

    Defendants.

## OPINION AND ORDER

Pending before the court is a motion to disqualify attorneys Frances R. Colón-Rivera and Ian P. Carvajal for a concurrent conflict of interest (Docket No. 90), filed by plaintiffs Ana Milena Situ, César Rodríguez-Situ, minor child D.D.C.R., and Maria Eugenia Rodríguez-Situ ("plaintiffs"),[1] as well as defendants Elena Properties, Inc., and Jerome O'Neill's ("defendants") response in opposition (Docket No. 105), plaintiffs' reply (Docket No. 109), and defendants' surreply (Docket No. 112).

Plaintiffs argue that defendants' counsel are disqualified under Rule 1.7 of the ABA Model Rules of Professional Conduct. Under Rule 1.7, an impermissible "concurrent conflict of interest exists if … the representation of one client will be directly adverse to another client." MODEL RULES OF PROF'L CONDUCT R. 1.7. In particular, plaintiffs point to Comment 23, which states that a conflict may exist when "there are substantially different possibilities of settlement of the claims or liabilities in question." Id. at R. 1.7 cmt. 23. Plaintiffs contend that "[t]he arguments defendants' counsel make in their Opposition to the Motion to File a Second

---

[1] Plaintiffs do not specify by name which attorney or attorneys they refer to. Regardless, as discussed infra, there exists no concurrent conflict of interest, so neither attorney must be disqualified under Rule 1.7.

Amended Complaint conflict with the best interests of Jerome O'Neill and Elena Properties." Docket No. 90, ¶ 5. The heart of plaintiffs' argument is that defendants "object[] only to [plaintiffs'] request that the cause of action as to spoliation be extended beyond Mr. O'Neill and Elena Properties to include MAPFRE and Vista Farms as well." Id. ¶ 4. Thus, because "[i]t is not in the interests of O'Neill and Elena Properties to eliminate two new parties who could share liability[,] … different settlement strategies exist for the different defendants." Id. ¶¶ 6-7.

As defendants point out, plaintiffs mischaracterize the nature of their own revised proposed second amended complaint ("proposed second amended complaint"). In the first amended complaint, plaintiffs list only one cause of action, under Article 1802, for "Economic, Physical, Mental, and Moral Damages for Negligence." Docket No. 27, at 6. The cause of action does not address spoliation or any acts of spoiling evidence at all. Nowhere in the first amended complaint are the words "spoil" and "spoliation" included. The only part of the first amended complaint containing allegations about a failure to preserve evidence is in paragraph 36. Id. § 36. Paragraph 36 reads:

> After Ms. Rodriguez's death, and before her family had had an opportunity to have an expert examine the apartment, Mr. O'Neill took the gas stove out of the apartment and sent it to Lares, Puerto Rico, he closed off the gas lines, he eliminated the area where he stored the gas tanks, and he tore down an entire wall of the apartment and built a new wall, enlarging the apartment by about six feet.

Id. At best, paragraph 36 is peripheral to the one cause of action for negligence in the first amended complaint. The focus of the negligence cause of action is how defendants allegedly "negligently caused serious physical harm and the resulting death to Laura [Rodríguez] Situ." Id. § 38. The first amended complaint requests damages totaling nine million dollars for the one cause of action. Id. §§ 37-40. In contrast, the proposed second amended complaint includes a new, entirely separate cause of action for spoliation, requesting one million dollars from new *and*

2

*existing* defendants, jointly and severally; this figure is in addition to, *inter alia*, the nine million dollars for the original plaintiffs under the first cause of action.² Docket No. 81-1, §§ 84-109. In this new proposed cause of action, plaintiffs contend that existing defendants, along with the two proposed co-defendants, "collaborated to spoil the evidence of the cause of the explosion and fire that caused Ms. Rodriguez's death, in an effort to prevent Ms. Rodriguez's loved ones from being compensated for their loss." Id. § 102. Plaintiffs incorrectly describe this change which defendants oppose as one where "the cause of action as to spoliation [is] extended beyond Mr. O'Neill and Elena Properties to include MAPFRE and Vista Farms as well," because there was no cause of action for spoliation in the first amended complaint. Docket No. 90, ¶ 4. In their opposition to the motion for leave to file a proposed second amended complaint, defendants, *inter alia*, oppose entirely the second cause of action, arguing that "[s]aid torts action for spoliation of the evidence has not been recognized as an independent cause of action in Puerto Rico," not the mere extension of a spoliation cause of action to new defendants. Docket No. 83, at 8. Plaintiffs have not shown how arguing against the addition of a new cause of action would be directly adverse to existing defendants' interests.³

---

² Additionally, proposed new plaintiffs María Eugenia Rodríguez Situ and Fabían Rodríguez Situ each request two million dollars in the proposed second amended complaint. Docket No. 81-1, at 14.

³ Plaintiffs mention in passing that "it is … disturbing that defendants' counsel did not produce the policy that covered Mr. O'Neill's actions back in October 2011," theorizing that "[c]ounsel only produced that policy when plaintiffs sought to amend the Complaint to include the collaboration of MAPFRE and Vista Farms with the spoliation of the evidence of the causation of the explosion that killed Laura Rodriguez." Docket No. 90, ¶ 8. Defendants respond that they list the policy in their Rule 26 letter and a copy was "promptly forwarded when [defendants' counsel] became aware" that it had not been sent. Docket No. 105, at 10, 10 n.6. In their reply, plaintiffs do not address this issue, nor do they give any evidence that defendants' failure to attach the policy to the Rule 26 letter was an attempt to avoid implicating MAPFRE and Vista Farms.

4

Based on the foregoing analysis, plaintiffs have not demonstrated a concurrent conflict of interest. Thus, plaintiffs' motion to disqualify attorneys Frances R. Colón-Rivera and Ian P. Carvajal (Docket No. 90) is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of October, 2012.

s/Marcos E. López
U.S. Magistrate Judge
