IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SITU, et al.,** <br><br>**Plaintiffs** <br><br>**v.** <br><br>**O'NEILL, et. al,** <br><br>**Defendants.** | **CIVIL NO. 11-1225 (GAG)** |

## OPINION AND ORDER

Plaintiffs in this case are all relatives of Laura Rodriguez Situ (the "decedent"), whose death was allegedly caused by an explosion in the apartment she rented when she turned on a light switch to the bathroom. Before her death, she suffered second degree burns covering seventy percent (70%) of her body and injuries to her lungs. (Docket Nos. 2; 27; 126.) Plaintiffs filed suit for their own economic, mental and moral damages resulting from the loss of their family member. (Docket No. 126.) In addition, the decedent's heirs assert a survivorship claim on her behalf, seeking restitution for the damages she personally suffered prior to her demise. Id. Plaintiffs claim that Jerome O'Neill ("O'Neill"), the administrator of the property, Elena Properties, Inc. ("Elena Properties"), the owner of the property, and MAPFRE PRAICO Insurance Company, as their insurer, (collectively "Defendants") are liable for the decedent's injuries and death pursuant to Article 1802 of the Civil Code of Puerto Rico, P.R. LAWS ANN. tit 31 § 5141. Id.

On October 1, 2014, both Defendants filed motions for summary judgment. (Docket Nos. 329; 332.) The court issued an Opinion and Order denying both motions. (Docket No. 396.) Presently before the court is Defendants' motion to reconsider the court's ruling. (Docket No.

**Civil No. 11-1225 (GAG)**

412.) Specifically, Defendants are asking the court to issue a ruling as to the existence of a valid use permit for the property and the property's compliance with the applicable building codes. Id. at 5.

### I. Standard of Review

A motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005). "A party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued.'" See Soto-Padró v. Public Buildings Authority, et al., 675 F.3d 1, 9 (1st Cir. 2012). It is also a long-standing rule that motions for reconsideration cannot be used to bring forth new arguments. See Nat'l Metal Finishing Co., Inc. v. Barclays Am./Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) (holding that motions for reconsideration may not be used "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier"). Motions for reconsideration are entertained by courts only if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass. Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994).

These three grounds are the exclusive bases for granting a motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law." See Torres v. Gonzalez, 980 F. Supp. 2d 143, 147 (D.P.R. 2013). Therefore, Rule 59€motions are typically denied. See e.g., 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 (2d ed.) (2012) (emphasis added); Rivera v. Meléndez, 291 F.R.D. 21, 23 (D.P.R. 2013) (denying motion for

**Civil No. 11-1225 (GAG)**

reconsideration when "plaintiff's clear intention is to achieve yet another bite at the apple, and continue this litigation by ignoring and/or refusing this Court's ruling").

**II. Discussion**

After carefully examining Defendants' Motion for Reconsideration, the court fathoms that Defendants' clear objective is to restate and re-litigate a very specific argument that has already been discussed by the court. Defendants once again ask the court to dismiss any claims contained in the Second Amended Complaint regarding allegations that the property was not in compliance with the applicable building codes and that it lacked use permit.

Defendants have shown evidence of a use permit for #6 Elena Street, which authorized the use of the property as a guesthouse. (Docket Nos. 331 ¶¶ 2- 3; 348 ¶¶ 2-3.) Plaintiffs agree that the property had a use permit to operate as a guesthouse, obtained on July 10, 1964. (Docket No. 376 at 3.) However, it is Plaintiffs' main argument that Defendants cannot be absolved of all liability because they had a use permit for the property. Plaintiffs presented evidence that Defendants had been previously fined for failing to obtain a valid permit from the Puerto Rico Fire Department and had not demonstrated the guesthouse complied with the law in 2010. (Docket Nos. 348 ¶ 2; 362-4.) Plaintiffs also presented evidence that the property failed to comply with the National Electrical Code. (Docket Nos. 348 ¶ 2; 348-8.)

Defendants may argue that they did not violate any codes or regulations because they had a valid use permit from 1964, or that the Puerto Rico Fire Department's inspection of the property on May 11, 2010 did not find an inherent dangerous condition on the property or a defect in the gas or electrical systems. (Docket No. 367 at 3-4.) However, as the court already determined, the question of whether Defendants failed to comply with applicable codes and regulations as to the premises and the properties' use of propane gas, turn on whether Defendants breached their duty of

3

**Civil No. 11-1225 (GAG)**

care and whether it was foreseeable for Defendants that a property with a use permit dating back to 1964, out of compliance with more current safety standards, could constitute a dangerous site for its guests.  The court found issues of fact exist with respect to the duty and foreseeability elements, partly based on the issue of whether the property failed to comply with Puerto Rico's fire and building codes.  Plaintiffs' concession that the property had a use permit from 1964 does not change the fact that the jury must still decide whether Defendants were negligent as to the inspection and permit management of the property.  As such, the court will not dismiss any claims contained in the Second Amended Complaint. These are questions of fact for the jury to decide.

### III.   Conclusion

Upon careful review of Defendants' motion, and the court's prior determination, Defendants' motion to reconsider at Docket No. 412 is hereby **DENIED** because the court finds that Defendants have failed to identify any manifest errors of law or fact, present newly discovered evidence, or demonstrate an intervening change in controlling law. See Rivera Surillo, 37 F.3d at 29.

   **SO ORDERED.**

In San Juan, Puerto Rico this 25th day of September, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge